# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>14 Middle Street, Randolph, ME 04346 |
| **Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen** | Mortgage:<br>September 20, 2001<br>Book 6638, Page 183<br>Kennebec Registry of Deeds |
| **Defendants**<br>**HSBC Mortgage Services**<br>**Citibank South Dakota, NA**<br>**Capital One Bank USA NA**<br>**Lars E Schultz-Nielsen** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, is the obligor and the total amount owed under the terms of the Note is One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a National Association with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Lars E Schultz-Nielsen, is a resident of Randolph, County of Kennebec and State of Maine.

6. The Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, is a resident of Randolph, County of Kennebec and State of Maine.

7. The Party-in-Interest, Capital One Bank USA NA, is located at 1680 Capitol One Drive, McLean, VA 22102.

8. The Party-in-Interest, CitiBank South Dakota, NA, is located at 701 East 60th Street North, Sioux Falls, SD 57117.

9. The Party-in-interest, Lars E Schultz-Nielsen, is located in Randolph, County of Kennebec and State of Maine.

## FACTS

10. On August 2, 2001, by virtue of a Warranty Deed from Lars E Schultz-Nielsen, which is recorded in the Kennebec Registry of Deeds in **Book 6581, Page 195**, the property situated at 14 Middle Street, City/Town of Randolph, County of Kennebec, and State of Maine, was conveyed to Lars E Schultz-Nielsen and Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On September 20, 2001, Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, executed and delivered to North American Mortgage Company a certain Note under seal in the amount of $64,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on September 20, 2001, Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for North American Mortgage Company, securing the property located at 14 Middle Street, Randolph, ME 04346 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 6638**, **Page 183**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated August 20, 2010 and recorded in the Kennebec

Registry of Deeds in **Book 10512**, **Page 250**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to JPMorgan Chase Bank, National Association by virtue of a Confirmatory Assignment dated October 11, 2012 and recorded in the Kennebec Registry of Deeds in **Book 11219**, **Page 0299**. *See* Exhibit E (a true and correct copy of the Confirmatory Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 29, 2014 and recorded in the Kennebec Registry of Deeds in **Book 11731**, **Page 128**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of an Assignment of Mortgage dated December 13, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12491**, **Page 227**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated June 21, 2018 and recorded in the Kennebec Registry of Deeds in **Book 12975**, **Page 324**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of a Quitclaim Assignment dated October 9, 2018 and recorded in the Kennebec Registry of Deeds in **Book 13054**, **Page 36**. *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 3, 2020 and recorded in the Kennebec Registry of Deeds in **Book 13676**, **Page 139**.  *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On December 16, 2013, the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $68,131.19 (herein after referred to as the "Loan Modification").  *See* Exhibit K (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

21. On March 2, 2005, a Divorce Judgment was recorded in the Kennebec Registry of Deeds **Book 10893 Page 104**.

22. On September 12, 2022, the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

23. The Demand Letter informed the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit L.

24. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, failed to cure the default prior to the expiration of the Demand Letter.

25. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

27. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

28. Lars E. Schultz Nelson is a Party-in-interest pursuant to a Divorce Judgment in the amount of $20,000.00 dated March 3, 2005 and recorded in the Kennebec Registry in Book 10893 Page 0104, and is in second position behind the Plaintiff's mortgage.

29. HSBC Mortgage Services is a Party-in-Interest by virtue of an Assignment dated January 27, 2012 and recorded in the Kennebec Registry of Deeds in **Book 10954, Page 220** pursuant to a Mortgage in the amount of $30,000.00 dated January 11, 2005, and recorded in the Kennebec Registry of Deeds in **Book 8298**, **Page 306** and is in third position behind Plaintiff's Mortgage.

30. Citibank South Dakota, NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,611.38 dated August 11, 2009, and recorded in the Kennebec Registry of Deeds in **Book 10188**, **Page 130** and renewed on August 11, 2012 by marginal reference and is in forth position behind Plaintiff's Mortgage.

31. Capital One Bank USA NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,338.91 dated December 17, 2013, and recorded in the Kennebec Registry of Deeds in **Book 11597**, **Page 281** and is in fifth position behind Plaintiff's Mortgage.

32. The total debt owed under the Note and Mortgage as of May 13, 2022 is One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $68,107.84 |
| Interest | $44,363.75 |
| Late Fees | $265.20 |
| Escrow Advance | $24,380.62 |
| Lender Paid Expenses | $4,825.88 |
| Grand Total | $141,943.29 |

33. Upon information and belief, the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

34. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 14 Middle Street, Randolph, County of Kennebec, and State of Maine. *See* Exhibit A.

36. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

37. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

38. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

39. The total debt owed under the Note and Mortgage as of May 13, 2022 is One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars.

40. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

41. By virtue of the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

42. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, on September 12, 2022, evidenced by the Certificate of Mailing. *See* Exhibit L.

43. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are not in the Military as evidenced by the attached Exhibit M.

44. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

45. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. On September 20, 2001, the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, executed under seal and delivered to North American Mortgage Company a certain Note in the amount of $64,000.00. *See* Exhibit B.

47. The Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, is in default for failure to properly tender the February 1, 2014 payment and all subsequent payments. *See* Exhibit L.

48. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman.

49. The Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

50. The Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman's, breach is knowing, willful, and continuing.

51. The Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman's, breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of May 13, 2022, if no payments are made, is One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars.

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

54. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

55. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

56. By executing, under seal, and delivering the Note, the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, entered into a written contract with North American Mortgage Company who agreed to loan the amount of $64,000.00 to the Defendant. *See* Exhibit B.

57. As part of this contract and transaction, the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

58. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to North American Mortgage Company, and has performed its obligations under the Note and Mortgage.

59. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2014 payment and all subsequent payments. *See* Exhibit L.

60. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman.

61. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

62. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are indebted to Federal National Mortgage Association in the sum of One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants.

63. Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen's, breach is knowing, willful, and continuing.

64. Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen's, breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

65. The total debt owed under the Note and Mortgage as of May 13, 2022, if no payments are made, is One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29) Dollars.

66. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

67. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

68. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. North American Mortgage Company, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, $64,000.00. *See* Exhibit B.

70. The Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, have failed to repay the loan obligation.

71. As a result, the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to North American Mortgage Company by having received the aforesaid benefits and money and not repaying said benefits and money.

72. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

73. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, is in breach of the Note by failing to make payment due as of February 1, 2014, and all subsequent payments;

d) Find that the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are in breach of the Mortgage by failing to make payment due as of February 1, 2014, and all subsequent payments;

e) Find that the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2014 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j)  Find that the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k)  Find that the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, have appreciated and retained the benefit of the Mortgage and the subject property;

l)  Find that it would be inequitable for the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m)  Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen;

n)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o)  Additionally, issue a money judgment against the Defendants, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Forty-One Thousand Nine Hundred Forty-Three and 29/100 ($141,943.29 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

p)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: November 16, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com