UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) No. 1:22-cv-00361-NT |
| MELISSA J. SCHULTZ-NIELSEN et al., | ) ) ) ) |
| Defendants | ) |

FINAL PRETRIAL CONFERENCE
REPORT AND ORDER

On March 6, 2024, I conducted a final pretrial conference in this matter. Attorney John Doonan[1] appeared for the Plaintiff, and Defendant Melissa Freeman (f/k/a Melissa Schutlz-Nielsen) appeared pro se. The following issues were addressed and will govern the trial of this case.

## I.  Case Description

This is a foreclosure action concerning real property located at 14 Middle Street in Randolph, Maine. The Plaintiff has a pending motion for default judgment (ECF No. 29) against all defendants and parties-in-interest except Freeman, who has filed a pro se answer (ECF No. 19).

## II.  Trial Preparation

1. *Discovery*. Discovery is complete. The parties indicated that there are no outstanding discovery disputes that require the Court's involvement.

2. *Motions in Limine*. This will be a bench trial. Nevertheless, any motions in limine shall be filed by March 20, 2024, and any objections shall be filed by March 27, 2024. No reply memoranda shall be permitted.

3. *Maximum Number of Trial Days*. The case will require no more than 1 full trial day based on an 8:30 a.m. to 2:30 p.m. schedule.

---

[1] Attorney Doonan has not entered an appearance in this matter.

### III. Trial Schedule

4. *Trial Period*. Because there is a disaster-related moratorium on foreclosures in Maine, the Plaintiff requested that the case be continued from the April trial list and placed on the June trial list. Freeman did not object. Accordingly, the case will be tried during the period beginning June 3, 2024, and ending June 28, 2024. The Plaintiff shall file a status report regarding the foreclosure moratorium by May 15, 2024.

5. *Trial Protection Periods*. The parties have not yet moved for protection from any dates during the trial period, but Freeman will be out-of-state June 3-17, 2024, and June 27-30, 2024. I instructed her to file a short motion for protection explaining why she will be unavailable for trial on those dates.

6. *Tentative Trial Start Date*. The trial is tentatively scheduled to begin on June 3, 2024, but is subject to beginning on another date during the trial period as the Court's schedule may require. Trial days will commence at 8:30 a.m. and end at 2:30 p.m., unless otherwise adjusted by the Court.

7. *Settlement Notice*. The parties shall inform the Clerk's Office whether the case is settled or firm for trial by May 17, 2024.

### IV. Trial Process

8. *Stipulations*. The parties shall file any agreed-to stipulations by May 24, 2024.

9. *Depositions*. Attorney Doonan indicated that no depositions were taken in this case.

10. *Exhibits*. The parties shall exchange exhibits by May 17, 2024. The parties shall jointly prepare a consolidated list of all exhibits to be offered at trial, employing the form available on the Court's website (www.med.uscourts.gov/forms) by May 24, 2024.

11. *Witnesses*. Each party shall file a witness list by May 24, 2024. For each witness, the list shall indicate (1) the witness's name and address, (2) whether the witness is a fact witness or an expert witness, (3) a concise statement of the general subject matter of the witness's testimony, and (4) an estimate of the time required for the direct examination of the witness.

12. *Trial Brief*. Each party shall file by May 24, 2024, a trial brief setting forth the significant factual and legal issues to be presented at trial and the party's

position on each identified issue.  The trial brief shall not exceed ten pages in length.

13. *Proposed Finds of Fact and Conclusions of Law*.  The parties shall submit proposed findings of fact and conclusions of law as directed by the Court.

14. *Trial Management Conference*.  The parties may request an additional trial management conference by contacting the Clerk's Office.

**SO ORDERED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: March 6, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge