# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 1:22-cv-00361-NT** |
| **Plaintiff** | **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MELISSA J. SCHULTZ-NIELSEN** |
| vs. | RE: <br> 14 Middle Street, Randolph, ME 04346 |
| Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman and Lars E Schultz-Nielsen | Mortgage: <br> September 20, 2001 <br> Book 6638, Page 183 |
| **Defendants** <br> **HSBC Mortgage Services** <br> **Citibank South Dakota, NA** <br> **Capital One Bank USA NA** | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, and pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure, the Defendant, Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman (hereinafter "Defendant Freeman") is requested to respond to the following Requests for Admissions. These matters will be deemed admitted, unless within 30 days after service of the request, the Defendant, under the penalties of perjury, specifically deny the matter or set forth in detail why the Defendant cannot truthfully admit or deny the matter or make a written objection to the matter being addressed.

## DEFINITIONS

a) **Document:** The term "Document" shall mean the original and/or all copies and drafts of writings of any kind, including correspondence, memoranda, reports, letters, messages (including notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, data, agreements, contracts, statement, affidavits, photographs,



electromagnetic recordings, e-mails, bookkeeping entries, schedules, calendars, day planners and data maintained on computer or on disk.

b) **Communication:** The term "Communication" refers to any contact, exchange of information or data, transmission of fact, information or opinion, utterance, notation or statement of any nature whatsoever, including but not limited to correspondence as defined below, meetings or telephone conversations, whether written or oral, directly or indirectly between or by the parties or persons of whom inquiry is made.

c) **Correspondence:** The term "Correspondence" refers to any letter, telegram, telex, TWX, notice, e-mail, message, facsimile transmission, memorandum or other written communication or transcription or notes of communication.

d) **Identify or Provide Identification of a Person:** The terms "Identify" or "Provide Identification of a Person" means to state his or her full name, current or last known address, telephone number, e-mail address and employment now and at the times material to the occurrences giving rise to the Complaint.

e) **Identify or Provide Identification of a Document:** The term "Identify" or "Provide Identification of a Document" means to state the type of document (e.g. letter, memorandum, etc.), its date, its author, the person or persons to whom directed, and the identification of the present custodian thereof.

f) **Person:** The term "Person" means any and all nature of individuals, corporations, professional corporations, associations, firms, partnerships, companies or any other business or legal entities and those entities' officers, directors, partners, members, associates, employees, agents, servants or representatives as the context requires..

g) **Statement:** The term "Statement" means any written or oral assertion, allegation or declaration of acts, existing or believed to be existing by any person making such allegation, assertion or declaration.

h) **Defendant, Your or You:** The term "Defendant", "Your" or "You" shall mean and refer to Melissa J. Schultz-Nielsen a/k/a Melissa J. Andrews a/k/a Melissa J. Freeman, unless stated otherwise.

i) **Premises:** The term "Premises" means 14 Middle Street, Randolph, ME 04346.

## ADMISSIONS

1. Admit that Defendant Freeman executed, acknowledged and delivered a Note to North American Mortgage Company for the amount of Sixty-Four Thousand and 00/100 ($64,000.00) Dollars, dated September 20, 2001.

2. Admit that the Plaintiff is the owner of the aforesaid Note.

3. Admit that Defendant Freeman and Lars E Schultz-Nielsen executed, acknowledged and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for North American Mortgage Company for the amount of Sixty-Four Thousand and 00/100 ($64,000.00) Dollars, dated September 20, 2001 and recorded in the Kennebec County Registry of Deeds in **Book 6638**, **Page 183**, concerning 14 Middle Street, Randolph, ME 04346.

4. Admit that the Plaintiff is the owner of the aforesaid Mortgage dated September 20, 2001 and recorded in the Kennebec County Registry of Deeds in **Book 6638**, **Page 183**, concerning 14 Middle Street, Randolph, ME 04346.

5. Admit that Defendant Freeman have remained in possession and control of the property since the execution of the aforesaid Note and Mortgage.

6. Admit that Defendant Freeman resides at the property of 14 Middle Street, Randolph, ME 04346.

7. Admit that Lars E Schultz-Nielsen and Defendant Freeman breached a condition in the Mortgage having defaulted under terms of the Mortgage and Note by failing to satisfy the obligations of the loan and that it remains in default since February 1, 2014.

8. Admit that Lars E Schultz-Nielsen and Defendant Freeman received a valid notice of default dated September 9, 2022 from Nationstar Mortgage LLC.

9. Admit that Melissa J. Schultz-Nielsen is not in the military.

10. Admit that ownership of the Mortgage was assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated August 20, 2010, and recorded in the Kennebec County Registry of Deeds in **Book 10512**, **Page 250**.

11. Admit that ownership of the Mortgage was assigned to JPMorgan Chase Bank, National Association by virtue of a Confirmatory Assignment of Mortgage dated October 11, 2012, and recorded in the Kennebec County Registry of Deeds **Book 11219**, **Page 299**.

12. Admit that ownership of the Mortgage was assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 29, 2014, and recorded in the Kennebec County Registry of Deeds in **Book 11731**, **Page 128**.

13. Admit that ownership of the Mortgage was assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of an Assignment of Mortgage dated December 13, 2016, and recorded in the Kennebec County Registry of Deeds in **Book 12491**, **Page 227**.

14. Admit that ownership of the Mortgage was assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated June 21, 2018, and recorded in the Kennebec County Registry of Deeds in **Book 12975**, **Page 324**.

15. Admit that ownership of the Mortgage was assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of a Quitclaim Assignment of Mortgage dated October 9, 2018, and recorded in the Kennebec County Registry of Deeds in **Book 13054**, **Page 36**.

16. Admit that ownership of the Mortgage was assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 3, 2020, and recorded in in the Kennebec County Registry of Deeds in **Book 13676**, **Page 139**.

17. Admit that Federal National Mortgage Association is the current owner/holder of the note dated September 20, 2001.

18. Admit that the subject loan has been in default since February 1, 2014.

19. Admit that the subject loan continues to be in default.

20. Admit that no payments have been made on the subject loan since February 1, 2014.

21. Admit that on December 16, 2013, the Defendant Freeman executed a Loan Modification Agreement which adjusted the principal amount of the Note to $68,131.19

22. Admit that Lars quitclaimed his interest to Defendant Freeman pursuant to a quitclaim deed dated July 23, 2013, and record in the Kennebec County Registry of Deeds in **Book 11456, Page 0279.**

23. Admit that as of **September 28, 2023**, the following amounts are due and owing to the Plaintiff.

| Description | Amount |
| --- | ---: |
| Principal Balance | $68,107.84 |
| Interest | $48,926.84 |
| Late Fees | $265.20 |
| Escrow Advance | $26,851.28 |
| Corporate Advance | $9,443.11 |
| Grand Total | $153,594.27 |

|  | Respectfully submitted,<br>Federal National Mortgage Association<br>By its attorneys |
|---|---|
| Dated: October 3, 2023 | /s/ Reneau J. Longoria, Esq.<br><br>Reneau J. Longoria, Esq. Bar No. 005746<br>Attorney for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915<br>(978) 921-2670<br>RJL@dgandl.com |

# CERTIFICATE OF SERVICE

       I, Reneau J. Longoria, Esq. hereby certify that on October 3, 2023 I served a copy of the above document by First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Melissa J. Schultz-Nielsen
14 Middle Street
Randolph, ME 04346



**Doonan, Graves & Longoria** LLC
ATTORNEYS AT LAW | EXCELLENCE DAILY

100 CUMMINGS CENTER, SUITE 303C
BEVERLY, MASSACHUSETTS 01915

Melissa J. Schultz-Nielsen
14 Middle Street
Randolph, ME 04346



FIRST-CLASS

ZIP 01915
02 7H
0001338074

US POSTAGE (IM) PITNEY BOWES
$ 000.63⁰
OCT 03 2023